■ Janet M. Reback. Also Known as Taylor Caldwell, et al., Copartners Doing Business under the Name of Reback and Reback, Respondents, v. Story Productions, Inc., Appellant, et al., Defendants.— Order unanimously affirmed, with $20 costs and disbursements to respondent. The allegations of

the counterclaim which was dismissed are similar to those contained in a counterclaim in *Knapp Engraving* v. *Keystone Photo* (1 A D 2d 170, 172–173). In that case we held that there should not be introduced into a trial " a separate and distinct cause of action affirmatively seeking judgment and damages for the unjustifiable and malicious prosecution of the complaint itself ". Moreover, even assuming the truth of defendant's allegations, and if it eventually is determined that plaintiffs' suit was without basis, appellant could thereafter assert its claim by an independent suit. The dismissal of the counterclaim is without prejudice to the commencement of such a separate action. In disposing of the application, Special Term ruled that the 1945 agreement imposed an implied obligation on appellant " either to exploit the rights transferred to it or else, at least, to use its best efforts to do so ". Since Special Term found the agreement ambiguous, and that parol evidence could be offered at the trial to resolve the ambiguity, it was premature to eliminate defendant's claim that it was not obligated to do anything but pay plaintiffs the $100,000 for the rights conveyed. Whether there was any implied obligation, and its scope, are to be determined at the trial, and only after the defendant's contention as to the essence of the agreement has been rejected. Concur — Botein, P. J., Breitel, Rabin, M. M. Frank and Valente, JJ. [15 Misc 2d 681.]